Filed 1/18/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 19

In the Matter of the Application

for Disciplinary Action Against

Richard L. Hagar, Judge of the

District Court

  ------------------------

Judicial Conduct Commission,                         Petitioner

          v.

Richard L. Hagar,                                    Respondent

Nos. 20110331 & 20110378 - 20110380

CENSURE ORDERED. 

Per Curiam.

[¶1] The Supreme Court has before it an Affidavit of Consent and Agreement by the Judicial Conduct Commission and the Honorable Richard L. Hagar, Judge of the District Court in the Northwest Judicial District recommending Judge Hagar be censured by the Supreme Court and assessed $500 in costs for his violations of Canon 3(B)(1), N.D. Code Jud. Conduct, which provides a judge shall hear and decide matters assigned to the judge except those in which disqualification is required, and Canon 3(B)(8), N.D. Code Jud. Conduct, which provides a judge shall dispose of all judicial matters promptly, efficiently and fairly. We accept the Affidavit of Consent and Agreement and censure Judge Hagar for his conduct and order him to pay $500 costs of the disciplinary proceeding.

[¶2] Richard Hagar began serving as a judge of the district court in the Northwest Judicial District on January 1, 2007.  On September 6, 2011, Judge Hagar was served Formal Charges alleging he did not promptly decide the case of  
Ringuette v. Ringuette
, Civil Case No. 51-09-C-1744, when a trial was held before him on September 21, 2010, and Judge Hagar did not enter the Findings of Fact, Conclusions of Law and Order for Judgment and Judgment until March 10, 2011.  It was further alleged that since some time in the year 2009, Judge Hagar had a number of cases assigned to him that he did not promptly decide which resulted in the Presiding Judge of the Northwest Judicial District entering an Order of Reassignment of Case Duties on July 11, 2011, which removed Judge Hagar from all new case assignments for a period of thirty days, and required Judge Hagar to devote himself full time to bring his docket current and resolve all matters pending before him which require immediate judicial decision.  The order listed ten cases which Judge Hagar had not promptly decided as of the date of the order.  Additionally, during this same period, the Presiding Judge spoke with, encouraged and counseled Judge Hagar to fulfill his duty to promptly decide all matters assigned to him.  Nevertheless, Judge Hagar did not meet the obligation he had under the North Dakota Code of Judicial Conduct to decide matters assigned to him and to dispose of all judicial matters promptly.  Finally, it was alleged Judge Hagar did not promptly decide the case of 
Thomas v. Jewett
, Civil Case No. 51-08-C-728, when a bench trial was held before him on November 24, 2009, and Judge Hagar did not enter the Findings of Fact, Conclusions of Law and Order for Judgment and Judgment until August 5, 2011.

¶3] Judge Hagar served his written answer to the Formal Charges on September 27, 2011, and on October 17, 2011, he and disciplinary counsel entered into an agreement for discipline by consent under Rule 14, R. Jud. Conduct Comm., which includes Judge Hagar’s Affidavit acknowledging the misconduct cited in paragraph 2 and consenting to censure.

[¶4] On November 15, 2011, a Hearing Panel of the Judicial Conduct Commission accepted the Affidavit of Consent and Agreement and forwarded the matter to the Supreme Court for approval and entry of an order of censure. 

[¶5] On December 7, 2011, the Supreme Court remanded the matter to the Hearing Panel for the Discipline by Consent to include Judge Hagar’s written plan for meeting docket currency standards.  On January 10, 2012, the Hearing Panel forwarded Judge Hagar’s approved plan.

[¶6] 
ORDERED
, that the Affidavit of Consent and Agreement, and Recommendation of the Hearing Panel is adopted and Judge Richard Hagar is CENSURED for his violations of  Canon 3(B)(1), N.D. Code Jud. Conduct, which provides a judge shall hear and decide matters assigned to the judge except those in which disqualification is required, and Canon 3(B)(8), N.D. Code Jud. Conduct, which provides a judge shall dispose of all judicial matters promptly, efficiently and fairly. 

[¶7] 
IT IS FURTHER ORDERED
, that Judge Hagar pay the costs and expenses of these proceedings in the amount of $500, payable to the Office of Disciplinary Counsel.

[¶8] Gerald W. VandeWalle, C.J.

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom